**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

ROXANA KARLA BORGES MENDEZ,
as next friend of YANDY REINA MACHADO,

      Petitioner,

v.                                        No. 2:26-cv-00013-MLG-KRS

KRISTI NOEM, in her official capacity as
Secretary of the Department of Homeland
Security; TODD LYONS, in his official capacity
as Acting Director of U.S. Immigration and
Customs Enforcement; ROBERT GUADIAN, in
his official capacity as Field Office Director of
U.S. Immigration and Customs Enforcement,
Enforcement and Removal Operations, El Paso
Field Office; WARDEN, OTERO COUNTY
PROCESSING CENTER,

      Respondents.

**ORDER DENYING PETITIONER'S
<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

This matter is before the Court on pro se Petitioner Roxana Karla Borges Mendez's Emergency Petition for Writ of Habeas Corpus ("Petition"), Doc. 1; Emergency Motion to Preserve Jurisdiction and Prohibit Transfer ("First Motion for TRO"), Doc. 3; and Emergency Motion for Temporary Restraining Order ("Second Motion for TRO"), Doc. 8. Borges Mendez seeks a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of her spouse Yandy Reina Machado, a Cuban citizen who is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 2-3. Borges Mendez requests (1) Reina Machado's immediate release under appropriate conditions of supervision or, in the alternative, an individualized bond hearing before a neutral adjudicator, and (2) an order prohibiting his transfer outside the District of New Mexico while this proceeding is pending. Doc. 1 at 6. The First and Second Motion for

1

TRO similarly seek entry of an order prohibiting Reina Machado's transfer outside the District of New Mexico pending resolution of this proceeding and from changing the location of his detention without prior approval of the Court. Doc. 3 at 4; Doc. 8 at 6. Having reviewed the relevant law and the parties' filings, the Court denies the Petition, thereby rendering the First and Second Motion for TRO moot.

Reina Machado is being detained pursuant to a final removal order. *See* Doc. 11-2; *see also* Doc. 11 at 2; Doc. 1 at 4. His removal order became administratively final on January 2, 2026—three days before Borges Mendez filed the Petition. *See* Doc. 11-2 at 4. Because the 90-day removal period has not elapsed, Reina Machado's detention is mandatory under 8 U.S.C. § 1231, and he is not entitled to release or a bond hearing at this time. *See* § 1231(a)(2) (providing that "[d]uring the removal period, the Attorney General shall detain the alien"); § 1231(a)(1)(A)-(B) (explaining that the 90-day removal period begins on the "date the order of removal becomes administratively final"). Although Reina Machado was granted withholding of removal to Cuba, Doc. 11-2 at 1, this does not prevent his removal to a third country.[1] *See* § 1231(b)(C)(iv) (describing countries to which noncitizens ordered removed may be deported to).

Borges Mendez's arguments to the contrary do not have merit. The Petition, Doc. 1, is therefore denied. Denial of the Petition renders the First Motion for TRO, Doc. 3, and Second Motion for TRO, Doc. 8, moot.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] It appears Reina Machado was notified on January 20, 2026, that he would be removed to Mexico. Doc. 11-3.